562 S.E.2d 652

**In the Matter of Theron James CURLIN, Respondent.**

**No. 25448.**

Supreme Court of South Carolina.

Submitted March 26, 2002.

Decided April 22, 2002.

288

Henry B. Richardson, Jr., and Barbara M. Seymour, both of Columbia, for the Office of Disciplinary Counsel.

Theron James Curlin, of Columbia, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment.[1] We accept the agreement and disbar respondent. The facts as admitted in the agreement are as follows.

### *Facts*

Respondent was retained by client to represent him at a real estate loan closing. At the time respondent prepared the mortgage and conducted the loan closing, respondent was aware that the property was owned by client's sister, not client. Respondent did not prepare a deed conveying title of

---

1. Respondent was placed on interim suspension by order dated February 19, 2002.

the property to client, and client's sister neither signed the mortgage nor attended the closing.

When client failed to comply with the terms of the mortgage and the lender began foreclosure proceedings, it was discovered that client's sister was the record owner of the property. After being contacted by the title insurance company, respondent drafted a quit-claim deed which purported to convey the property from client's sister to client. Respondent forged the signatures of client's sister, the witnesses, and the notary. Respondent then recorded and filed the quit-claim deed. Based on respondent's representations that the deed was valid, the lender proceeded with foreclosure proceedings. As a result of respondent's actions, the property was to be sold at public auction with the proceeds to be paid to the lender. Respondent failed to respond to the complaint filed by client's sister with the Office of Disciplinary Counsel.

During a two or three year period, respondent routinely signed as witness and notarized legal documents outside the presence of the signatory. At the time respondent engaged in this conduct, he was aware that some of the documents were to be provided to lenders and filed with government agencies to be made part of the public record.

In another real estate matter, a client retained respondent to assist her in refinancing her home, including conducting the closing. Respondent failed to discover or inform client about two South Carolina Department of Revenue liens, an Internal Revenue Service lien, and a judgment against the former owner of the house. The encumbrance on the property exceeded $35,000. When the liens were discovered, the client's new attorney contacted respondent, but respondent did not respond and failed to assist the client in rectifying the matter.

For approximately three years, respondent engaged in a scheme to misappropriate funds from his firm's real estate trust account. Respondent converted approximately $71,598 in law firm or client money to his own use. In order to perpetuate and conceal his scheme, respondent engaged in the routine preparation of false and fraudulent documentation.

## *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:

Rule 1.1 (failing to provide competent representation to a client); Rule 1.2 (a lawyer shall consult with the client as to the means by which representation is to be pursued); Rule 1.3 (failing to act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter); Rule 1.15 (a lawyer shall hold property of clients that is in a lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 3.3 (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal or offer evidence that the lawyer knows to be false); Rule 8.1 (failure to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Rule 8.4(c) (engaging in conduct involving moral turpitude); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent. Respondent shall not be entitled to seek reinstatement or readmission to the practice of law in this state until he has fully repaid any amounts due and owing his clients, as well as any other parties that may have lost money because of respondent's misconduct, and until he has reimbursed the Lawyer's Fund for Client Protection for any and all amounts paid, including reasonable interest, in connection with this matter. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413,

SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.